UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
**Civil Action No. 1:26-cv-09471-AT**

| | |
|---|---|
| WESLEY NEWMAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CONVERGE MARKETING, LLC F/K/A CONVERGE DIRECT, LLC, | : |
| | : |
| | : |
| Defendant. | |

**PLAINTIFF WESLEY NEWMAN'S MOTION TO REFER THIS ACTION TO THE BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

## INTRODUCTION

Plaintiff Wesley Newman respectfully moves this Court to refer this action to the United States Bankruptcy Court for the Southern District of New York, where *In re Troika Media Grp., Inc.*, No. 23-11969 (DSJ) (Bankr. S.D.N.Y.)*, the Chapter 11 case of the entity whose assets Defendant Converge Marketing, LLC f/k/a Converge Direct, LLC ("New Converge") acquired, remains pending.* New Converge expresses no view on the argument or other content of this Motion but consents to the remedy it seeks, *i.e.* transfer (or referral) of this case to the Bankruptcy Court.

## INTRODUCTION

This Motion is directed solely at New Converge. Plaintiff's claims against Defendants DeMayo Law Offices, LLP and SGMS Inc. d/b/a Legal Conversion Center, together with DeMayo's crossclaim against New Converge, remain pending — and stayed — in the Western District of North Carolina, and this Motion does not affect them.

By Order dated October 26, 2026, the Honorable Kenneth D. Bell of the Western District of North Carolina severed Plaintiff's claim against New Converge from the remainder of this litigation and transferred it to this district for a specific purpose: so that the court that issued the "free and clear" Sale Order under which New Converge acquired Old Converge's assets could determine, in the first instance, whether Plaintiff was a "known" or "unknown" creditor of Old Converge, and whether the notice he received (or did not receive) of Old Converge's bankruptcy case satisfied due process. Order on Def. Converge Marketing, LLC's Mot. to Dismiss or, in the Alternative, Transfer to Bankr. Ct. at 12–15, *Newman v. DeMayo Law Offices, LLP, et al.*, No. 3:25-CV-00042-KDB-DCK (W.D.N.C. Oct. 26, 2026) (the "Transfer Order"). Judge Bell held that "the Bankruptcy Court is in the best position to determine whether Plaintiff was a known or unknown creditor and to what degree due process was afforded to him," Transfer Order at 12–13 (quoting *In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 227 (4th Cir. 2005) (quoting *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 941 (4th Cir. 1996))), and expressly anticipated that "Plaintiff himself will be responsible for pursuing a decision from the Bankruptcy Court," *id.* at 15.

The claim has been transferred and now sits on this Court's civil docket as Civil Action No. 1:26-cv-09471-AT. But transfer alone does not place the claim before a bankruptcy judge: a district court cannot refer a case directly to another district's bankruptcy court, and no bankruptcy court yet has this case before it. The only court with authority to refer this action to the Bankruptcy Court for the Southern District of New York is this Court, acting under 28 U.S.C. § 157(a). Plaintiff brings this Motion to complete that step, without which the due-process determination the Transfer Order contemplated cannot occur in any forum.

## I. Old Converge's Bankruptcy and the Sale Order

Old Converge filed for Chapter 11 bankruptcy in the Southern District of New York on December 7, 2023, in a case now captioned *In re Troika Media Grp., Inc.*, No. 23-11969 (DSJ) (S.D.N.Y.) (the "Bankruptcy Case"). Old Converge did not list Plaintiff as a known creditor or mail him notice of the bankruptcy filing, including the claims bar date. On February 8, 2024, the Bankruptcy Court entered an order approving the sale of substantially all of Old Converge's assets to New Converge (the "Sale Order"). The purchase was "free and clear" of all claims and encumbrances, and the Sale Order states that the Bankruptcy Court retains "exclusive jurisdiction" to interpret, implement, and enforce its own terms.

## II. The Western District of North Carolina's October 26, 2026 Transfer Order

Plaintiff originally brought this action, along with claims against DeMayo Law Offices, LLP and SGMS Inc. d/b/a Legal Conversion Center, in the Western District of North Carolina. New Converge moved to dismiss or, in the alternative, to transfer the claim against it to the Bankruptcy Court. By Order dated October 26, 2026, the court found that it had subject matter jurisdiction over Plaintiff's claim, but that the claim against New Converge is "related to" and bears a "close nexus" with the Bankruptcy Case because its resolution "requires an interpretation and execution of the Sale Order." Transfer Order at 12. The court held that the Bankruptcy Court, not the district court, is "in the best position to determine whether Plaintiff was a known or unknown creditor and to what degree due process was afforded to him." *Id.* at 12–13.

The court accordingly severed Plaintiff's claim against New Converge and transferred it to the Southern District of New York, while staying Plaintiff's claims against DeMayo and DeMayo's crossclaim against New Converge in the Western District of North Carolina pending the outcome of Plaintiff's claim in the Bankruptcy Court. The court ordered the parties to file status reports every ninety days "until the Bankruptcy Court or District Court in the Southern

District of New York issues an order pertaining to Plaintiff's claim against Old Converge or New Converge," Transfer Order at 16, and observed that, because "Plaintiff himself will be responsible for pursuing a decision from the Bankruptcy Court," the parties' "proper incentives to timely proceed are aligned," *id.* at 15.

## ARGUMENT

**1. This Court Should Refer Plaintiff's Claim Against New Converge to the Bankruptcy Court for the Southern District of New York Under 28 U.S.C. § 157(a).**

District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 157(a) authorizes a district court to refer such proceedings to the bankruptcy judges for its own district, and this Court's Standing Order of Reference, entered pursuant to that section, refers to the Bankruptcy Court for this District all cases under title 11 and all proceedings arising under, arising in, or related to a case under title 11.

The Transfer Order already determined — and that determination is the law of this case — that Plaintiff's claim against New Converge is "related to" and bears a "close nexus" with the Bankruptcy Case, because its resolution "requires an interpretation and execution of the Sale Order." Transfer Order at 12. That determination is the predicate for referral under § 157(a), and it need not be revisited here. The only reason the Transfer Order sent the claim to this district, rather than retaining it in North Carolina, was to place it before the court best suited to answer the question the Transfer Order itself identified as controlling: the Bankruptcy Court that issued the Sale Order. *Id.* at 12–13. A transfer that stops at the district court's civil docket, without a referral to the bankruptcy judges, leaves that purpose unperformed.

**2. Referral Is the Remaining Step of the Procedure the Transfer Order Already Set in Motion.**

Where a civil action pending in one federal district becomes related to a bankruptcy case pending in another district, the proper procedure has three steps: (1) the court where the civil action is pending transfers the case to the district where the bankruptcy is pending; and (2) the receiving district court then refers the case to its own bankruptcy judges under 28 U.S.C. § 157(a). *See Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1212 (3d Cir. 1991); *see also In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1390–91 (2d Cir. 1990) (§ 1412 authorizes bankruptcy venue transfers). The first step is complete: the Transfer Order transferred Plaintiff's claim against New Converge to this district, where it is now pending as Civil Action No. 1:26-cv-09471-AT. The second and final step — referral to the Bankruptcy Court under § 157(a) — belongs to the court where the case now sits, i.e., this Court.

A district court cannot shortcut that sequence by referring a case directly to a bankruptcy court outside its own district. *See Schreiber v. Friedman*, No. 15-CV-6861 (E.D.N.Y. June 8, 2025) ("This Court only has authority to transfer the case to another federal district court, and cannot refer it directly to the Texas Bankruptcy Court."). That is precisely why the Western District of North Carolina transferred, rather than referred, Plaintiff's claim: it lacked authority to refer the claim directly to the Bankruptcy Court for the Southern District of New York, and could only transfer it to this district. Having received that transfer, this Court now holds the authority that *Schreiber* confirms belongs to the receiving district court: to refer the claim to its own bankruptcy judges under § 157(a).

**3. Referral Carries Out the Transfer Order and Prejudices No Party.**

The Transfer Order already built referral into the expected course of this litigation. It directed the parties to file status reports every ninety days "until the Bankruptcy Court or District

Court in the Southern District of New York issues an order pertaining to Plaintiff's claim," Transfer Order at 16, and it rested its no-prejudice finding on the premise that "Plaintiff himself will be responsible for pursuing a decision from the Bankruptcy Court," *id.* at 15. Granting this Motion carries out that Order rather than departing from it.

Nor is referral opposed on the merits. New Converge's own counsel has confirmed that "the case can only be pursued in the Bankruptcy Court in the S.D.N.Y." The parties' disagreement is limited to which of them should bear the burden of seeking that relief, not whether the Bankruptcy Court is the correct destination. Granting this Motion resolves that procedural disagreement without prejudice to any position either side may later take in the Bankruptcy Court on the known-creditor and due-process issues the Transfer Order identified.

Finally, referral reaches only Plaintiff's claim against New Converge. It does not touch Plaintiff's claims against DeMayo or SGMS, or DeMayo's crossclaim against New Converge, all of which remain stayed in the Western District of North Carolina under the Transfer Order and are unaffected by the relief sought here.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Wesley Newman respectfully requests that the Court enter an order referring Plaintiff's claim against Defendant Converge Marketing, LLC f/k/a Converge Direct, LLC to the United States Bankruptcy Court for the Southern District of New York pursuant to 28 U.S.C. § 157(a), for proceedings in connection with *In re Troika Media Grp., Inc.*, No. 23-11969 (DSJ) (Bankr. S.D.N.Y.), and for such other and further relief as the Court deems just and proper.

Dated: November 18, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
(*Subject to Pro Hac Vice*)
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

November 18, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
(*Subject to Pro Hac Vice*)
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com